UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John C. Nelums; Delmarshi Nelums,<br><br>PLAINTIFFS<br><br>v.<br><br>Hutchens Law Firm, LLP a S.C. professional association; PHH Mortgage Corporation a FL professional association; Cascade Funding Mortgage a FL professional association; John S. Kay, an individual; Jeanette McBride an individual; Joseph Strickland an individual; Sean Adegbola an individual; Ashley Z. Stanley an individual; Alan M. Stewart an individual; Sarah O. Leonard an individual; Gregory Wooten an individual; Louise M. Johnson an individual; LPS Default Solutions Inc.; W. Jeffrey Barnes an individual,<br><br>DEFENDANTS | Case No. 3:24-cv-02427-JFA<br><br><br><br>**ORDER** |

## I.  INTRODUCTION

Plaintiffs John C. Nelums and Delmarshi Nelums, ("Plaintiffs"), proceeding *pro se*, filed this civil action against the above-named defendants. ECF No. 1. Plaintiff's complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Paige Gossett.[1] It now comes before this Court for review of the Report and Recommendation ("Report") filed by the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Magistrate Judge. ECF No. 7. It recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 7 at 5. Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 20, 2024. *Id* at 6. The Magistrate Judge required Plaintiff to file objections by June 3, 2024. Plaintiffs have filed objections to the Report (ECF Nos. 11 & 13). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.   DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 7). In response to the Report, Plaintiffs ultimately filed "PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGES REPORT AND RECOMMENDATION AND MOTION TO RECUSE AND DISQUALIFICATIONS/ INCOMPETENT JUDGE PAIGE J. GOSSETT." (ECF Nos. 11 & 13) (Capitalization and punctuation in originals)[2]. In their Objections, Plaintiffs

---

[2] Plaintiffs filed Objections (ECF Nos. 11 & 13) on May 29, 2024 and May 13, 2024, respectively. Having thoroughly reviewed the filings by Plaintiffs, the Court concludes that the filings are

generally argue for disqualification of Magistrate Judge Gossett. Accordingly, Plaintiffs' arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the Court will briefly address them below.

### A. Plaintiffs' General Objections to Magistrate Judge Gossett

Plaintiffs attempt to characterize the Report prepared by Magistrate Judge Gossett as a "dispositive ruling" and argue that the Report should disregarded. They further argue that Magistrate Judge Gossett should be disqualified, in part, because she issued such an order. Rather than articulate lucid, well thought out, intelligent objections, Plaintiffs spend the better part of twenty-six (26) pages making incoherent and frivolous arguments for the disqualification of Magistrate Judge Gossett. Charitably construed, they argue that Article III of the United States Constitution does not provide for magistrate judges, that she is not appointed by the President of the United States, that the Report is a dispositive ruling, that she is an attorney in private practice, that she has violated various ethical canons, imply she has committed treason, and conclude that she is disqualified by law. These arguments are unsupported by any evidence in the record, wholly frivolous, and unworthy of additional discussion by the Court. To construe them as specific objections warranting analysis by this Court would be error. However, the Court reiterates that:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not

---

identical. Accordingly, the Court will refer to the two filings collectively and interchangeably as "Objections".

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Here, Plaintiff has failed to raise any specific objections and therefore this Court is not required to give an explanation for adopting the recommendation.

The Magistrate Judge prepared a thorough Report and Recommendation. Within the Report, the Magistrate Judge opines that 28 U.S.C. § 1915, which enables an indigent litigant to commence an action in federal court without prepaying administrative costs, permits a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the case at bar, Plaintiff has failed to make a sufficiently short and plain statement of the grounds for the Court's jurisdiction, a claim showing that the pleader is entitled to relief, or the demand for the relief sought. *See Mallard v. United States District Court*, 490 U.S. 296, 307-08. In short, Plaintiff has failed to clear the low procedural bar established by Federal Rule of Civil Procedure 8. Plaintiff's complaint appears to seek the removal of a master in equity from their state foreclosure action in Richland County court. As the Magistrate Judge notes, such relief is not available in federal court and this Court is unable to determine how it would have subject matter

jurisdiction over such a case. Further, Plaintiffs fail to adequately explain their accusations of bias against the master in equity. Thus, the Court concludes that the complaint filed by Plaintiff is insufficient to form the basis for a lawsuit or that the Court has jurisdiction over the litigation.

## IV.    CONCLUSION

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 7, is **ACCEPTED**. Plaintiffs' claims against the defendants are **DISMISSED WITHOUT PREJUDICE.** Plaintiffs' motion for recusal (ECF Nos. 12 & 14) are **DENIED AS MOOT.** Plaintiffs' motion for temporary restraining order, preliminary injunction, and for hearing (ECF No. 2) is also **DENIED AS MOOT.**

**IT IS SO ORDERED.**

July 16, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge